## CURTIS vs. PERKINS.

In an action for slander, in charging the plaintiff with having sworn falsely, in an action pending in a justice's court, upon an account, in testifying that the account had not been paid to him, the referee found the truth of the allegations in the complaint. *Held* that after this finding, the defendant could not claim that the charge of perjury, made by him, was fully justified by the evidence, which showed that *a part* of the account had been paid; especially as there was no issue of justification presented by the pleadings.

APPEAL from a judgment entered on the report of a referee.

*D. W. Cameron*, for the appellant.

*H. C. Miner*, for the respondent.

*By the Court*, TALCOTT, J. This is an action of slander for charging the plaintiff with having sworn falsely in an action pending in a justice's court.

The referee has found the truth of the material allegations in the complaint, and assessed the damages of the plaintiff at $75.

The action in the justice's court was on an account for meat sold, amounting to $2.75.

The plaintiff in that action was Asa F. Walley. He had authorized the defendant to pay the account to Curtis, the present plaintiff, and the defendant had let Curtis have on that account one bushel of potatoes, worth fifty cents. The defendant now claims that the charge of perjury was fully justified by the evidence. The perjury claimed by him to have been established is, that the plaintiff here testified, in the action on the account, that the meat bill had never been paid to him. This was true, upon the finding of the referee, on the evidence. Besides, there was no issue of justification presented by the pleadings. The declarations of the defendant were not privileged. They were not made as a witness, on the trial, but after the trial was over, in the presence of other parties than the plaintiff.

If the complaint was not sufficiently specific in regard

to time and place, the defendant should have moved to have it made more so.

We see no error in the findings of the referee to the prejudice of the defendant, and the judgment should be affirmed.

Judgment affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]